## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 22-60132 |
| MRA Holdings LLC, | : | CHAPTER 11 |
| | : | |
| Debtor.[1] | : | |

---

### NOTICE OF HEARING FOR
### DEBTOR'S MOTION FOR ENTRY OF AN ORDER
### UNDER BANKRUPTCY CODE §§ 105, 305(a) AND 1112(b)
### DISMISSING DEBTOR'S CHAPTER 11 CASE WITH PREJUDICE

---

**PLEASE TAKE NOTICE** that on April 13, 2022, MRA Holdings LLC, the debtor and debtor in possession (the "Debtor") filed the attached **MOTION FOR ENTRY OF AN ORDER UNDER BANKRUPTCY CODE §§ 105, 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE WITH PREJUDICE** (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion has been scheduled in the U.S. Bankruptcy Court for Western District of Virginia as follows:

| Date & Time | Location |
|---|---|
| April 26, 2022 at 11:00 A.M. | The hearing is scheduled to be held by Zoom using URL: https://vawb-uscourts-gov.zoomgov.com/j/1603692643 and Meeting ID: 160 369 2643. |

**PLEASE TAKE FURTHER NOTICE that your rights may be affected. You should read the Motion carefully and discuss them with your attorney, if you have one in the Chapter**

---

[1] The last four digits of the Debtor's federal tax identification number are 0498. The Debtor's principal place of business at 18245 Forest Road, Lynchburg, VA 24502.

**11 case. If you do not have an attorney, you may wish to consult one.**

Dated:  April 13, 2022                    Respectfully Submitted,

**MRA Holdings LLC**

By Counsel

By: /s/ H. David Cox
H. David Cox (VSB #38670)
*david@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
Counsel for the Debtor

### CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022, a copy of the foregoing notice and Debtor's Motion was served by first class mail on all parties on the mailing matrix in this case, including the following: (a) the Office of the U.S. Trustee; (b) all creditors and all equityholders; and (c) all parties requesting notice under Rule 2002.

**Dated:  April 13, 2022**               **Respectfully Submitted,**

By: /s/ David Cox
David Cox, Counsel

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA

IN RE:                                          :
                                                :       CASE NO. 22-60132
MRA HOLDINGS LLC,                               :       CHAPTER 11
                                                :
    Debtor.[2]                                   :

_____

## MOTION FOR ENTRY OF AN ORDER
## UNDER BANKRUPTCY CODE §§ 105, 305(a) AND 1112(b)
## DISMISSING DEBTOR'S CHAPTER 11 CASE WITH PREJUDICE

_____

MRA Holdings LLC, the debtor and debtor-in-possession in this Chapter 11 case (the "Debtor"), respectfully moves the Court for an order, substantially in the form attached to this motion as Exhibit A (the "Proposed Order"), under Bankruptcy Code §§ 105, 305(a) and 1112(b) and Bankruptcy Rule 1017(a), dismissing this Chapter 11 case. In support, the Debtor offers the following:

1.      The Debtor filed its petition, as a single asset real estate entity as that term is defined under § 101(51B) of the Bankruptcy Code, pursuant to Chapter 11 of the United States Bankruptcy Code on February 15, 2022 (the "Petition Date"), and currently operates as a debtor-in-possession.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The statutory bases for the relief this Motion seeks are Bankruptcy Code §§ 105, 305(a) and 1112(b) and Bankruptcy Rule 1017(a).

---

[2] The last four digits of the Debtor's federal tax identification number are 0498. The Debtor's principal place of business at 18245 Forest Road, Lynchburg, VA 24502.

4.      No official committees have been appointed in this case. No party has requested the appointment of a trustee or an examiner.

5.      The Debtor is in the business of operating and renting out a commercial building on real property located in Bedford County, Virginia ("the Commercial Property").

6.      On February 23, 2022, the Debtor attended the Initial Debtor Interview scheduled by the US Trustee.

7.      On March 17, 2022, the Court granted the Debtor's motion for authority to use cash collateral.

8.      On March 21, 2022, the Debtor attended the § 341 meeting of creditors.

9.      Pinnacle Bank is the largest secured creditor in this case.  Pinnacle Bank asserts that, as of the Petition Date, there was due under the terms of a promissory note dated September 20, 2018 (the "Note"), principal, accrued interest, attorneys' fees and charges of $1,022,047.73.  Additional interest, fees, expenses and charges permitted under the Note have continued to accrue daily thereafter.

10.      Pinnacle Bank has a perfected security interest in, among other things, the Commercial Property and the Debtor's rental income generated from the Commercial Property by virtue of its (i) Credit Line Deed of Trust dated September 20, 2018, as duly and properly recorded in the Bedford County Circuit Court Clerk's Office at Instrument No. 180008672 on or about September 24, 2018, and (ii) Assignment of Rents dated September 20, 2018,  as duly and properly recorded in the Bedford County Circuit Court Clerk's Office at Instrument No. 180008673 on or about September 24, 2018.

11.      Other than administrative expenses associated with the fees and expenses of Debtor's counsel (the "Counsel Fees") and accrued but unpaid U.S. Trustee fees, the Debtor

owes only the following: the secured claim of Pinnacle Bank, a secured real estate tax claim of

the Bedford County Treasurer, and an unsecured claim of Coleman Adams.  The Debtor is

unaware of any other unpaid secured, administrative expense, priority claims or unsecured

claims.

12.     Pinnacle Bank is by far the largest creditor in this case, as well as the first

mortgage holder on the Debtor's Commercial Property.  The Debtor elected to file this chapter

11 case only after Pinnacle Bank sought the foreclosure of the Debtor's Commercial Property.

Fortunately, though, the Parties have now resolved the controversies between them, pending the

Court's approval of the relief requested by this Motion.

13.     The Debtor and Pinnacle Bank (the "Settlement Parties") have reached a

settlement (the "Forbearance Agreement") *conditioned on the dismissal of this chapter 11*

*proceeding*.

14.     If the Court grants the relief requested herein, the Settlement Parties intend to

enter into the Forbearance Agreement that will resolve the Debtor's default under the Note by

restructuring the Note to require the Debtor to resume monthly payments to Pinnacle Bank for 12

months based on a 20-year amortization schedule at 6% interest, with a final balloon payment

due for the remaining balance at the end of that 12 month period.

15.     In the Debtor's business judgment, the Forbearance Agreement will provide

sufficient breathing room to secure a replacement lender or to consider other alternatives, such as

a sale with lease-back of the Commercial Property.  The Debtor further believes that the

Forbearance Agreement and the reduction of the accruing Administrative Expenses (should this

case be dismissed) will free up sufficient cash flow to permit the Debtor to meet the debt service

demands of the Forbearance Agreement and also begin paying down the balances of all of its creditors.

16.     As such, the Debtor does not believe a formal proceeding under the Bankruptcy Code is still required to reorganize the Debtor and does not believe that such continued bankruptcy proceeding would be in the best interests of creditors in light of the expense of the administration of the Chapter 11 plan process. Rather, the Debtor believes the interests of its creditors are best served, and likelihood of creditor recoveries will be maximized, by the dismissal of this case followed immediately by the execution of the Forbearance Agreement described herein.

**RELIEF REQUESTED**

17.     By this motion, the Debtor requests that the Court enter the Proposed Order dismissing this case with prejudice to the refiling of case under any chapter of the Bankruptcy Code for a period of 425 days.

18.     Under Bankruptcy Code § 1112(b)(1) and (2), a bankruptcy court shall dismiss a case for cause upon the request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the Court that establish that the requested dismissal is not in the best interests of creditors and the estate.

19.     The Debtor respectfully submits that cause exists to dismiss this case.  Although Bankruptcy Code § 1112(b)(4) contains a list of 16 potential separate grounds for cause for dismissal, such grounds are not the exclusive grounds for cause.

20.     Cause for dismissal exists under the circumstances of this case in that the Debtor has reached an agreement which will permit it to provide for the claims of its creditors without the continued need for a reorganization through bankruptcy.  If the Debtor's case is dismissed,

the creditors and the estate will conserve financial resources that may, particularly in the case of the Debtor's estate, be applied to reduce debt that would otherwise need to be applied to administrative claims such as professional fees and U.S. Trustee fees if this case were to remain open.

21.      As an alternative to dismissal under § 1112(b), the Court may dismiss this case under § 305(a) "after notice and a hearing … at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal …." Dismissal under § 305(a) is appropriate where the court finds that both creditors' and the Debtor's interests would better served by dismissal.

22.      The dismissal of the case best serves the creditors' and the Debtor'sinterests in that the small number of creditors does not require the cost and complexity of a bankruptcy proceeding.  Addressing these debts outside of bankruptcy will ultimately be less expensive for all creditors and better serve their interests in that they will not be constrained by a plan or the automatic stay.  Similarly, the Debtor is confident it can manage the small number of debts, particularly with an agreement in place with its largest secured creditor.

23.      The dismissal requested in this motion is a straightforward, simple dismissal of this case, albeit with prejudice, which will permit the Debtor to address its debts outside of bankruptcy.

24.      The Debtor seeks a dismissal as a superior alternative to conversion of this case to Chapter 7 because the proposed dismissal is the option most likely to maximize creditor's rights and potential recoveries at the least expense.

26.      Pursuant to §105 of the Bankruptcy Code, this Court may enter such orders as may be necessary or appropriate to carry out and effectuate the provisions of Chapter 11.

Accordingly, § 105 empowers the Court to grant the relief requested herein, including the dismissal of the case and the bar to filing a subsequent case for 425 days.

## NOTICE

27.     Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee; (b) all creditors and all equityholders; and (c) all parties requesting notice under Rule 2002. The Debtor shall file a motion to shorten the notice period otherwise required under 2002(a)(4).

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter the Proposed Order substantially in the form attached to this Motion as Exhibit A and grant any additional relief the Court deems appropriate.

**Dated:  April 13, 2022**          **Respectfully Submitted,**

**MRA HOLDINGS LLC**

**By Counsel**

By: /s/ H. David Cox
H. David Cox (VSB #38670)
*David@coxlawgroup.com*
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
434/845/0727 (Facsimile)
Counsel for the Debtor

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CASE NO. 22-60132 |
| MRA HOLDINGS LLC, | : | CHAPTER 11 |
| | : | |
| Debtor. | : | |

_____

**ORDER DISMISSING DEBTOR'S**
**CHAPTER 11 CASE WITH PREJUDICE**
_____

    This cause came before the Court on April 26, 2022, for hearing upon the Debtor's

Motion For Entry Of An Order Under Bankruptcy Code §§ 105, 305(a) AND 1112(b)

Dismissing Debtor's Chapter 11 Case With Prejudice. The Court, having heard the arguments of

counsel for those parties present, having reviewed the file and the record, and having duly

considered the matter does find that there is cause for dismissal.  It is therefore

    ORDERED that this chapter 11 case is DISMISSED with prejudice to refiling for 425

days. It is further

    ORDERED that the Debtor within fourteen (14) days of the entry of this ORDER shall

file its Monthly Operating Report for the any unreported periods through the date of this Order

and shall pay the appropriate fees due to the United States Trustee pursuant to 28 U.S.C. §

1930(a)(6).

**End of Order**

I ask for this:

_____
David Cox
H. David Cox (VSB #38670)
david@coxlawgroup.com
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
434/845/2600
Counsel for the Debtor in Possession